

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JONATHAN BRUCE REED,<br><br>Petitioner,<br><br>v.<br><br>GARY JOHNSON, Director,<br>Texas Department of Criminal Justice,<br>Institutional Division, Respondent. | CIVIL ACTION NO. 3:99-CV-0207-R<br><br>PETITIONER'S MOTION FOR HEARING REGARDING JUDGE BUCHMEYER'S MENTAL COMPETENCY TO ADJUDICATE PETITIONER'S CASE OR, IN THE ALTERNATIVE, FOR RELIEF UNDER RULE 60(b) AND TRANSFER OF CASE FOR ADJUDICATION BY ANOTHER DISTRICT COURT JUDGE<br><br>**ORAL ARGUMENT REQUESTED** |

TO THE HONORABLE CHIEF JUDGE FISH:

**I.      Introduction**

Upon information and belief, Judge Buchmeyer has suffered increasingly diminished mental capacities during the pendency of this death penalty habeas corpus case. If Judge Buchmeyer was not mentally competent to exercise *de novo* independent judgment regarding Mr. Reed's constitutional challenges to his conviction and sentence, particularly given that the Magistrate Judge ultimately disqualified himself from participating in this case, the denial of Mr. Reed's application for writ of habeas corpus cannot stand.

Mr. Reed asks this Court to order a hearing to assess whether Judge Buchmeyer was competent to dispose of Mr. Reed's petition for writ of habeas corpus.

In the alternative, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Mr. Reed asks the Court to vacate the judgment entered on February 19, 2003, based upon Judge Buchmeyer's condition, and reassign Mr. Reed's case to another district court judge for *de novo* consideration of his petition for writ of habeas corpus.

02423

1

## II. Factual Basis For Motion

### A. Procedural Status of Case

Mr. Reed, a Texas death row prisoner, timely filed a habeas corpus petition challenging his conviction and sentence. Dkt. Nos. 9. 13. The case was assigned to Judge Buchmeyer, who delegated responsibility for the case to Magistrate Judge Stickney. On October 17, 2002, Magistrate Judge Stickney entered Findings, Conclusions And Recommendations in Mr. Reed's case, and recommended to Judge Buchmeyer that he deny all relief. Dkt. No. 114. On December 20, 2002, Mr. Reed timely filed lengthy and detailed Objections to this Recommendation, accompanied by five inches of exhibits. Dkt. Nos. 122-24. On February 19, 2003, Judge Buchmeyer adopted Magistrate Judge Stickney's recommendations in a one paragraph order. Dkt. No. 125.

On Wednesday, March 5, 2003, Mr. Reed filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. No. 128. His motion was based on the United States Supreme Court's decision in *Miller-El v. Cockrell*, ___U.S. ___, 123 S. Ct. 1029 (Feb. 25, 2003). The following Monday (March 10), Judge Buchmeyer referred the 59(e) motion to Magistrate Judge Stickney for his recommendation. Dkt. No. 129.

On March 21, 2003, Mr. Reed first alerted the Court that Magistrate Judge Stickney had discussed Mr. Reed's legal and factual claims and the Supreme Court's *Miller-El* decision with a material witness in Mr. Reed's case. Dkt. No. 131. Magistrate Judge Stickney notably assured this material witness that *Miller-El* could be "distinguished" and would not affect the resolution of this case. *Id.* Mr. Reed asked for a hearing to develop the facts and circumstances surrounding **all** the Magistrate Judge's contacts with this material

2

02424

witness. Dkt. Nos. 131, 134. On April 1, 2003, Judge Buchmeyer denied Mr. Reed's motion as moot, as Magistrate Judge Stickney had recused himself from further proceedings in the case. Dkt. No. 135.

The same day, Judge Buchmeyer vacated the order referring the 59(e) Motion to Magistrate Judge Stickney. Dkt. No. 138. Also on April 1st, this Court assigned the matter to Magistrate Judge Kaplan. Dkt. No. 137.

On April 2nd, **the day after Magistrate Judge Stickney recused himself**, Judge Buchmeyer signed a thirteen-page opinion denying Mr. Reed's 59(e) Motion, purporting to distinguish his case from *Miller-El*. The alacrity with which Judge Buchmeyer acted concerned Mr. Reed's counsel, as one might reasonable question whether Judge Buchmeyer had sufficient time to independently read and digest the parties' lengthy and complex pleadings, and to write such an opinion. The speed with which Judge Buchmeyer acted on the 59(e) motion raises a serious question whether he relied on work performed by Magistrate Judge Stickney before he disqualified himself.

Mr. Reed has since filed a Rule 60(b) motion regarding material factual errors underlying Judge Buchmeyer's decision, as well as an application for a Certificate of Appealability, both of which remain pending.

**B. Factual Basis To Believe Judge Buchmeyer May Have Been Mentally Incompetent At Critical Junctures In The Litigation Of This Case.**

In early May, 2003, the newspapers reported that Judge Buchmeyer "was hospitalized after police found him wandering his neighborhood wearing only a T-shirt, slurring his words and covered with scratches, according to a police report." *See Exh. 1.* He "was unable to tell police his name or where he lived. He told authorities he had high blood pressure before collapsing." *Id.* "Police found several bottles of prescription medication in Buchmeyer's

3

02425

home, one of which was lying open. Police refused to say whether the drugs had anything to do with the incident." Upon information and belief, another news story indicated that the police found all the doors to his home opened an overturned chair, and a half-empty bottle of whisky with the prescription medication.

After seeing the newspaper article attached as Exhibit 1, undersigned counsel, who does not reside in Dallas, made inquiries to individuals who might have personal knowledge of Judge Buchmeyer's mental condition. Upon information and belief, based on these inquiries, this incident was the culmination of Judge Buchmeyer's increasingly worsening mental condition over the past several months. Upon information and belief, Judge Buchmeyer's mental condition appears to have deteriorated over the past six months or so. His condition has been described to counsel as resembling that of someone who has suffered a series of strokes. Judge Buchmeyer reportedly has been unusually inattentive in court, *e.g.*, asking a venire member a question immediately after she had just answered the same question, and mis-sentencing a defendant in a criminal case. Upon information and belief, Judge Buchmeyer also took the highly unusual and arguably improper step of handwriting a letter on his official judicial stationery on behalf of a criminal defendant facing charges in another District.

Counsel has also been told that, within the past six to eight months – *i.e.*, while Mr. Reed's petition has been pending – Judge Buchmeyer has appeared physically very frail, occasionally disoriented to the point of not recognizing familiar people, and that his demeanor has changed substantially. Where he was previously vital, funny, and jovial, his affect has become flat.

III. **Argument**

A. **Mr. Reed Is Constitutionally Entitled To A Mentally Competent Judge**

Habeas corpus is "today, as it has always been, a fundamental safeguard against unlawful custody," and "plays a vital role in protecting constitutional rights." *Withrow v. Williams*, 507 U.S. 680, 697 (1993) (O'Connor, J., concurring in part and dissenting in part); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). For habeas corpus review to be adequate and comport with due process, it must be conducted by a mentally competent judge. "Due process implies a tribunal both impartial and mentally competent to afford a hearing." *Jordan v. Massachusetts*, 225 U.S. 167, 176 (1912); *Tanner v. United States*, 483 U.S. 107, 126 (1987).

Further, because this is a death penalty case, Mr. Reed's Eighth Amendment right to "heightened reliability" at all stages of the proceedings requires adjudication by a mentally competent judge. "[T]he Eighth Amendment has been recognized to affect significantly both the procedural and the substantive aspects of the death penalty." *Ford v. Wainwright*, 477 U.S. 399, 405 (1986).

B. **Mr. Reed Also Has A Statutory Right To Have Judge Buchmeyer Disqualified If He Is Mentally Incompetent.**

In *Peters v. Kiff*, the Supreme Court explained that mental competence goes to the heart of impartiality because it confers the ability to decide a case upon its merits:

> [T]he Due Process Clause protects a defendant from jurors who are actually incapable of rendering an impartial verdict, based on the evidence and the law. Thus a defendant cannot, consistent with due process, be subjected to trial by an insane juror.

*Peters v. Kiff*, 407 U.S. 493, 501 (1972).

02427

28 U.S.C. §455(a) requires the disqualification of a federal judge in any situation in which "a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860-61 (1988). Because §455(a) is intended to avoid even the appearance of impropriety, it requires judicial disqualification when any appearance of impartiality exists, even if the judge in question would be able to make an impartial decision. *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 825 (1986) (disqualification rules "may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties").

The inquiry is "extremely fact intensive and fact bound," and requires a careful assessment of the particular circumstances of each case. *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995). Finally, although the recusal standard is the same for civil and criminal cases, courts should be more sensitive to the appearance of impartiality when a person's liberty – or life – is at stake than when it is a mere question of money. *Id.* at 158 n.9 ("[W]e must look both ways more carefully when crossing this dangerous street from the civil side to the criminal side than we do when crossing in the opposite direction.").

    C.    **If The District Court Judge Was Unable To Discharge His Responsibility To Review The Magistrate Judge's Recommendation, That Fact Raises Additional Constitutional Concerns.**

Whether Judge Buchmeyer was able to decide the case based on the law and evidence is particularly important given that the Magistrate Judge disqualified himself from further participation in the case after information emerged regarding his contacts with a material witness in Mr. Reed's case. Under such troubling circumstances, the only way to dissipate

02428

the taint of the Magistrate Judge's recommendation is through a genuine *de novo* review of his opinion as mandated by 28 U.S.C. § 636(b)(1).

However, even absent any concerns regarding the Magistrate Judge's bias, Judge Buchmeyer was required to consider the proceedings before the Magistrate Judge, his recommendation and the parties' objections, and then to reach an independent judgment. *See, e.g., Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Washington v. Estelle*, 648 F.2d 276, 282 (5th Cir. 1981). "[T]he statutory obligation of the district court to arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made is not satisfied by a mere review of the magistrate's report itself." *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983). Where – as in this case – credibility issues must be resolved, "an appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." *Id.*

Failure to review dispositive matters *de novo* following objection or to review the record independently violates not only the Magistrates Act, but also Article III and due process. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992) (district court violated Magistrates Act by "fail[ing] to accord a *de novo* review of the magistrate's factual findings to which Stokes objected"); *Thomas v. Arn*, 474 U.S. 140, 153 (1985) (consistent with Article III, district court may refer dispositive motions to magistrate judge for recommendation if "entire process take place under the district court's total control and jurisdiction" and if district "judge exercise[s] the ultimate authority to issue an appropriate order.")

7

02429

### D.  Rule 60(b) Provides A Mechanism For This Court To Assure Due Process In This Case.

Rule 60(b) permits this Court to relieve a party from a final judgment for any reason "justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Certainly, a district court judge's mental incompetence, particularly in a death penalty case, justifies relief from judgment. If this Court is in possession of any information indicating that Judge Buchmeyer may have been incompetent, a hearing is unnecessary. However, Mr. Reed's rights will be protected only by vacating the judgment entered in his case and referring his petition for writ of habeas corpus to another judge for *de novo* review.

### IV.  Conclusion

For the reasons set forth above, the law and the facts compel a hearing on Judge Buchmeyer's competency to adjudicate Mr. Reed's petition for writ of habeas corpus based on the evidence and the law, including his remarkably swift adjudication of Mr. Reed's 59(e) motion in a lengthy opinion just one day after the Magistrate Judge disqualified himself. Because of the serious constitutional questions raised by the prospect that Judge Buchmeyer was not mentally competent and therefore unable to meet his responsibilities under the law and the Constitution, in this death penalty case, Mr. Reed respectfully asks this Court to order a hearing into Judge Buchmeyer's competency at the time he decided Mr. Reed's petition for writ of habeas corpus and his Rule 59(e) motion.

In the alternative, Mr. Reed asks the Court to vacate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure the judgment entered on February 19, 2003, and to reassign Mr. Reed's case to another district court judge for *de novo* consideration of his petition for writ of habeas corpus.

02430

Respectfully submitted this 28th day of May, 2003.

_____
Meredith Martin Rountree
Texas Bar No. 24033544

Member, Bar of the United States District Court
For the Northern District of Texas

510 South Congress Avenue, Suite 308
Austin, TX 78704
(512) 320-0334 (o)
(512) 320-8027 (f)

Attorney For Petitioner Jonathan Reed

02431

From the Austin American-Statesman (5/5/03)

**District judge hospitalized**

A U.S. district judge who presided over landmark civil rights cases in Dallas in the 1980s was hospitalized after police found him wandering his neighborhood wearing only a T-shirt, slurring his words and covered with scratches, according to a police report.

Judge Jerry Buchmeyer, 69, a graduate of the University of Texas and the UT Law School, was found early Friday and was unable to tell police his name or where he lived. He told authorities he had high blood pressure before collapsing. He was taken to Baylor Medical Center for further evaluation.

Chief Judge Joe Fish, who oversees administrative duties for the federal bench in Dallas, said Buchmeyer lost a significant amount of weight last year but had since regained his strength. He said Buchmeyer is recovering.

Police found several bottles of prescription medication in Buchmeyer's home, one of which was lying open. Police refused to say whether the drugs had anything to do with the incident.

02432

## CERTIFICATE OF CONFERENCE

This certifies Meredith Martin Rountree, counsel for Petitioner, contacted counsel for Respondent on May 28, 2003, concerning *Petitioner's Motion For Hearing Regarding Judge Buchmeyer's Mental Competency To Adjudicate Petitioner's Case Or, In The Alternative, For Relief Under Rule 60(B) And Transfer Of Case For Adjudication By Another District Court Judge.* Responded OPPOSES Petitioner's Motion.

_____
Meredith Martin Rountree
Counsel for Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JONATHAN BRUCE REED, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JANIE COCKRELL, Director, )<br>Texas Department of Criminal Justice, )<br>Institutional Division, )<br>)<br>Respondent. )<br>)<br>)<br>) | CIVIL ACTION NO. 3:99 CV-0207-R<br><br>**ORDER** |

The Court has considered *Petitioner's Motion For Hearing Regarding Judge Buchmeyer's Mental Competency To Adjudicate Petitioner's Case Or, In The Alternative, For Relief Under Rule 60(B) And Transfer Of Case For Adjudication By Another District Court Judge.* The Court hereby

____ ORDERS a hearing to determine whether Judge Buchmeyer was competent to adjudicate Petitioner's petition for writ of habeas corpus;

____ VACATES the judgment in the above-captioned case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and REASSIGNS Petitioner's case to another district court judge for *de novo* consideration of his petition for writ of habeas corpus.

SO ORDERED this ____ day of _____, 2003.

_____
HON. A. JOE FISH
UNITED STATES DISTRICT JUDGE

02435